**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YANDREY CORDOVA PAZ,

Petitioner,

v. No. 1:26-cv-01836 KG-JMR

DAVID VENTURELLA, *Acting Director,*
*U.S. Immigration and Customs Enforcement; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Yandrey Cordova Paz's Notice of Supplemental Development and Motion for Further Relief Following Court-Ordered Bond Hearing ("Motion"), Doc. 8, and the Government's Response, Doc. 9. For the reasons below, the Court denies the Motion.

## *I. Background*

Petitioner is a native and citizen of Cuba who presented at a port of entry on October 9, 2023, under the CBP One program. Doc. 6 at 1; Doc. 1 at 6. The Department of Homeland Security ("DHS") temporarily paroled him into the country for two years, until October 9, 2025. Doc. 1 at 15. On April 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner. Doc. 6 at 2. He is currently detained at the Torrance County Detention Center. Doc. 8 at 9.

On June 5, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition"), seeking immediate release, or, in the alternative, an individualized bond hearing. Doc. 1 at 7. Based on the above facts, the Court determined that Petitioner's detention was governed by 8 U.S.C. § 1225(b), but nonetheless concluded he was entitled to a bond hearing under the Due

Process Clause of the Fifth Amendment. *See Paz v. Mullin*, No. 1:26-cv-01836-KG-JMR, 2026 WL 2169041 (D.N.M. July 28, 2026). The Court granted Petition and ordered the Government to "provide Petitioner with an individualized bond hearing before an immigration judge" at which "Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." *Id.* at *4.

On July 31, 2026, Petitioner received his Court-ordered bond hearing. Doc. 9 -2 at 1–3. At the hearing, the Immigration Judge's ("IJ") considered the following factors:

> [L]ocal family ties, length of residence in the community, prior arrests, convictions, record of appearances at hearings, employment history, membership in community organizations, manner of entry and length of time in the United States, immoral acts or participation in subversive activities, property or business ties, fixed address, availability and likelihood of relief, and financial ability to post bond.

*Id.* at 2. At the conclusion of the hearing, Petitioner's request for bond was denied. *Id.* at 1–3. The IJ's written order found that Petitioner "poses a significant flight risk." *Id.* at 2.

Petitioner, proceeding pro se, now asks "this Court [to] determine whether the proceedings afforded following the July 28, 2026 Order satisfied the constitutional protections contemplated by that Order and whether any further relief is appropriate under 28 U.S.C. § 2241." Doc. 8 at 4. The Government opposes the Motion. *See* Doc. 9.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have

federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 9-2 at 1–3. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See Paz*, No. 2026 WL 2169041, at *4.

***IV. Conclusion***

For the reasons above, Court denies the Notice of Supplemental Development and Motion for Further Relief, Doc. 8. Absent a significant and material change in circumstances—such as a decision by the Board of Immigration Appeals ("BIA") that renders a removal order administratively final—Petitioner shall not file any additional habeas petitions or motions with this Court.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.